Eduardo Melquiades **TORRES–REFULIO, Petitioner,**

v.

Michael B. **MUKASEY, Attorney General, Respondent.**

No. 04–71293.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2008.

Filed Nov. 26, 2008.

Steven Harris Bergman, Michelle J. Kane, Esquire, O'melveny & Myers LLP, Los Angeles, CA, for Petitioner.

Ann Carroll Varnon, Esquire, Joanne E. Johnson, Esquire, Linda S. Wendtland, Esquire, U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, CAS–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, D.W. NELSON, and FERNANDEZ, Circuit Judges.

MEMORANDUM *

Petitioner Eduardo Melquiades Torres–Refulio, native and citizen of Peru, peti-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen as untimely. We deny the petition in part and dismiss it in part.

A motion to reopen must be filed within ninety days after the date of the BIA's final decision. 8 C.F.R. § 1003.2(c)(2). Generally, a party may only file one motion to reopen. *Id.* The motion to reopen at issue in this petition was Torres's third, and it was filed over seven years after his order of removal. Accordingly, the BIA did not abuse its discretion in denying Torres's motion on the ground that it was procedurally barred.

Torres argues that this court should apply equitable tolling because he received ineffective assistance of counsel from the attorney who filed his initial motion to reopen. Equitable tolling is available when a petitioner is the victim of "deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003). We lack jurisdiction over this claim. A petitioner who argues ineffective assistance of counsel must exhaust his administrative remedies by first presenting the issue to the BIA. *Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000). Failure to raise an issue below constitutes failure to exhaust administrative remedies and "deprives this court of jurisdiction to hear the matter." *Vargas v. U.S. Dep't. of Immigration and Naturalization,* 831 F.2d 906, 907–08 (9th Cir. 1987). We cannot consider the ineffective assistance of counsel claim here because Torres failed to present it to the BIA in either his second or third motion to reopen.[1]

---

1. Nothing in this decision prevents petitioner from filing a motion to reopen with the BIA, raising the claims that were held unexhausted here.

For the foregoing reasons, the petition for review is denied in part and dismissed in part.

**DENIED IN PART** and **DISMISSED IN PART.**